IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KINWEN LAMARROW STALLWORTH, :
:
    Petitioner, :
:
vs. : CIVIL ACTION 11-0188-WS-M
:
FRED COONER, :
:
    Respondent. :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Fred Cooner and against Petitioner Kinwen Lamarrow Stallworth pursuant to 28 U.S.C. § 2244(d). It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

1

Petitioner was convicted of third degree burglary in the Monroe County Circuit Court on May 6, 2009 for which he received a split sentence of five years in the state penitentiary (Doc. 13; Doc. 17, Exhibit RX-1).  Stallworth did not appeal the conviction or sentence (Doc. 13, p. 3).  After serving a portion of his sentence, Petitioner was released from custody and placed on probation (Doc. 17, Exhibit RX-2).  On December 9, 2009, Stallworth's probation was revoked for violating the terms thereof; specifically, Petitioner was found to be in possession of a firearm and sent back to prison (Doc. 17, Exhibit RX-5).[1] Stallworth apparently attempted to appeal his revocation on November 10, 2010, though it was too late (Doc. 17, Exhibit RX-6); he has filed no collateral proceedings (*see* Doc. 17, p. 4).

Petitioner filed a complaint with the United States District Court for the Middle District of Alabama on February 21, 2011 (Doc. 6, p. 9).[2]  The action was transferred to this Court (Doc. 6, p. 21), after which Stallworth was instructed to file a new petition on this Court's form (Doc. 7).  Petitioner

---

[1] It is noted that Stallworth is not presently in prison on this conviction as it expired on April 16, 2011, though he is in custody pursuant to an indictment on November 9, 2009 for capital murder (*see* Doc. 17, pp. 2-3).

[2] Respondent states that Petitioner did not file this complaint until March 11, 2011 (Doc. 17, p. 3).  While Stallworth did not file a petition which was in the form this Court requires until June 24, 2011 (Doc. 13), Petitioner initiated this action on February 21, 2011 with the signing of the petition he filed with the Middle District and

complied with that Order, and raises the following claims: (1) He was unlawfully arrested; (2) he was falsely imprisoned; and (3) his attorney rendered ineffective assistance (Doc. 13).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 17, pp. 4-5). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on January 20, 2010, the last day Stallworth could have appealed his probation. Ala.R.App.P. 4(b)(1). The AEDPA clock began to run the next day

---

delivering it to prison authorities (Doc. 6, p. 9).

and ran until Petitioner's habeas corpus petition was filed on February 21, 2011, one month after the limitations period had expired.

Clearly, Petitioner's habeas corpus petition was filed beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d). Though Stallworth has made arguments regarding the sufficiency of the evidence leading to his probation revocation (Doc. 21), the Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Fred Cooner and against Petitioner Kinwen Lamarrow Stallworth pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute

makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Stallworth's petition is time-barred under AEDPA, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Stallworth should be allowed to proceed further. *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

5

**CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation

6

> should be reviewed de novo and a different disposition
> made. It is insufficient to submit only a copy of the
> original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted
> or referred to and incorporated into the brief in
> support of the objection. Failure to submit a brief
> in support of the objection may be deemed an
> abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

> DONE this 10th day of November, 2011.

> s/BERT W. MILLING, JR.
> UNITED STATES MAGISTRATE JUDGE